# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAUL HARRISON,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0303** (BOR Appeal No. 2052300)
            (Claim No. 2016026275)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul Harrison, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Charleston, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for an evaluation of treatment at a pain clinic on April 5, 2017. The Office of Judges affirmed the decision in its October 16, 2017, Order. The Order was affirmed by the Board of Review on March 6, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrison, a firefighter and emergency medical technician, was injured in the course of his employment on April 8, 2016. While transferring a patient from a cot to a bed, Mr. Harrison felt a pop in his back. The claim was held compensable for lumbar sprain and sprain of ligaments of the lumbar spine.

Mr. Harrison has a long history of lumbar spine problems prior to the compensable injury at issue. A November 25, 2009, lumbar MRI showed a midline disc herniation at L4-5, a small central and right disc herniation at L5-S1, and degenerative changes from L4-S1. Mr. Harrison

1

was treated by Rida Mazagri, M.D., on March 24, 2010, and she noted that he reported constant back pain for seven months. It radiated into the left hip and thigh. Dr. Mazagri diagnosed back pain and occasional left leg pain most likely related to his lumbar degenerative disc disease from L4-S1 with a broad disc bulge at L4-5. She recommended physical therapy and weight loss.

On December 21, 2010, Melissa Gamponia, M.D., saw Mr. Harrison for a work-related lower back injury after carrying a patient down icy stairs. He reported pain in his lumbar spine that radiated into the right hip and both legs. Dr. Gamponia diagnosed chronic low back pain aggravated by the work-related injury. She noted disc herniations at L4-5 and L5-S1. A lumbar MRI was performed on January 4, 2011, and showed a progression of the L4-5 disc herniation, a mild protrusion of L5-S1, and degenerative changes from L4-S1 with mild disc space narrowing at L5-S1.

Mr. Harrison returned to Dr. Mazagri on February 16, 2011, and it was noted that he had suffered a work-related injury on October 7, 2010, which increased his lumbar pain and caused radiation into both legs and the right hip. Lumbar range of motion was reduced and sensory evaluation noted decreased sensation in the right foot. Dr. Mazagri recommended surgery for the L4-5 disc. The surgery was performed by Robert Crow, M.D., on March 25, 2011. On April 25, 2011, Mr. Harrison reported to Dr. Crow that he was happy with the outcome of surgery. He had complete resolution of the left leg symptoms and a reduction in his back pain; however, he still had some right extremity symptoms.

Dr. Gamponia saw Mr. Harrison several times between September of 2011 and May of 2013. During that time, Dr. Gamponia noted that he still suffered from low back and hip pain as well as right foot numbness. Dr. Gamponia diagnosed low back pain associated with L4-5 and L5-S1 disc herniations. Between June of 2013 and September of 2015, Mr. Harrison was treated at Mountain State Medical Associates for low back pain with numbness. He was diagnosed with lumbago and sciatica.

Following the compensable injury at issue, on April 22, 2016, Mr. Harrison underwent a lumbar MRI. It showed L4-5 and L5-S1 degenerative disc disease; multilevel facet arthropathy; L4-5 diffuse disc osteophyte complex and protrusion, as well as moderate right and severe left foraminal stenosis; mild spinal canal stenosis; and L5-S1 osteophyte disc complex with mild hypertrophy and foraminal stenosis.

Mr. Harrison followed up with Dr. Crow on May 11, 2016. Dr. Crow noted that he had constant low back pain and left leg pain, as well as numbness and tingling in the left leg and foot. Dr. Crow reviewed the recent MRI but opined that without contrast, it was impossible to tell if the severe left foraminal stenosis was the result of a recurrent disc protrusion or scar tissue from the previous lumbar disc surgery. Dr. Crow recommend physical therapy. Mr. Harrison returned on June 1, 2016, and reported that his pain was worsening. Physical therapy had provided no relief, and he was unable to perform his job duties. A repeat MRI, this time with contrast, was recommended.

The lumbar MRI with contrast was performed on June 27, 2016. It revealed disc base narrowing, degenerative endplate changes, osteophytes, facet hypertrophy, and a disc herniation at L4-5, resulting in severe left exit foraminal stenosis and mild spinal canal stenosis. At L5-S1, it showed a small disc bulge causing moderate right exit foraminal stenosis. The impression was a progression of the findings at L4-5 resulting in severe left exit foraminal stenosis. Dr. Crow reviewed the MRI and concluded that it showed scar and fibrosis tissue with no obvious surgical lesion. On August 2, 2016, Dr. Crow noted that Mr. Harrison had worsening back and leg pain. He also had paresthesia down both legs and problems with bowel and bladder incontinence. He walked with a limp. Dr. Crow opined that the MRI showed no significant recurrent disc herniation, and he felt that Mr. Harrison was not a candidate for surgery. He referred Mr. Harrison for physical therapy and pain management.

On September 9, 2016, Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Harrison in which he noted that the compensable injury in the claim is a lumbar sprain. Dr. Mukkamala diagnosed lumbar sprain with a history of L4-5 discectomy. He did not believe Mr. Harrison required further treatment for the compensable injury. He opined that the compensable injury was a soft tissue injury. Mr. Harrison's ongoing complaints are mostly related to his underlying degenerative spondyloarthropathy. He further opined that the request for referral to a pain clinic would be for the treatment of the preexisting degenerative condition, not the compensable injury. Dr. Mukkamala believed that Mr. Harrison needed no further treatment for the compensable injury. He assessed 13% impairment.

Mr. Harrison testified in a deposition on March 9, 2017, that he was able to return to full duty work following his March of 2011 lumbar spine surgery. He alleged that the compensable injury at issue caused different symptoms than his previous lumbar injury. The first injury caused low back pain that was worse on the right. The current injury caused left and right leg pain with weakness in the left leg. Mr. Harrison testified that he retired due to his symptoms. He asserted that physical therapy and lumbar spine injections provided no relief. He further stated that Dr. Crow refused to perform a second surgery because the symptoms are due to stenosis caused by scar tissue, and another surgery may cause further scar tissue. Mr. Harrison testified that after his 2011 surgery he had flair ups of pain but had no treatment for his lumbar spine from 2012 to 2016.

The claims administrator denied a request for an evaluation of treatment at a pain clinic on April 5, 2017. The Office of Judges affirmed the decision in its October 16, 2017, Order. It found that prior to the compensable injury at issue, Mr. Harrison suffered from low back pain and radiculopathy in both legs since at least August 7, 2009. He underwent lumbar spine surgery in 2011 and remained symptomatic after the surgery. He was treated by Dr. Gamponia for lower back and leg pain until at least September 11, 2015, seven months before the compensable injury. Following the compensable injury at issue, Dr. Crow ordered a new MRI and determined, based on the results, that Mr. Harrison's symptoms were the result of scar tissue from the previous surgery. Further, Mr. Harrison testified that his symptoms after the compensable injury were different than they were before it. He asserted that prior to the compensable injury, his symptoms were worse on the right, but after the injury, they were worse on the left. However, the Office of Judges found that Dr. Mazagri noted radicular symptoms in the left leg on March

24, 2010. Also, the July 4, 2011, lumbar MRI states that Mr. Harrison had lower back pain with numbness in the right leg and pain in the left. The Office of Judges therefore concluded that "a preponderance of the evidence indicates the claimant's current symptoms are substantially similar to the symptoms he had before April 8, 2016." This was supported by Dr. Crow's treatment notes, particularly one dated August 3, 2016, in which Dr. Crow opined that Mr. Harrison had worsening back and bilateral leg pain due to post-laminectomy syndrome caused by surgery performed prior to the compensable injury at issue. Lastly, the Office of Judges noted that Dr. Mukkamala performed an independent medical evaluation of Mr. Harrison and determined that any further treatment would be due to the preexisting degenerative spondyloarthropathy, not the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 6, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record shows that Mr. Harrison had largely the same symptoms after the compensable injury as he did before. Further, his treating surgeon, opined that his symptoms were the result of scarring caused by the lumbar surgery he had prior to the compensable injury. His opinion is supported by the MRI and medical evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.